UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. 2:20-CV-511-FTM-38MRNM

DELROY A. CHAMBERS, JR.,

      Plaintiff,

v.

SCHIFF REALTY, INC..

      Defendants.

### **DEFENDANTS' MOTION TO DISMISS**

Defendant SCHIFF REALTY, INC.. hereby moves this Court, pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss the complaint and in support states as follows:

## I. INTRODUCTION

1. Plaintiff's complaint asserts a single cause of action under the Fair Housing Act Against Defendant.
2. The Plaintiff in this matter, DELROY A. CHAMBERS, JR., alleges he is a fair housing tester who seeks to enforce fair housing laws so that people are protected from discriminatory housing practices. Plaintiff alleges that he encountered an advertisement for a dwelling located in Hollywood, Florida, specifically 1030 S 62nd avenue, Unit B, Hollywood, Florida 33023. Plaintiff thereafter posed as a potential renter and contacted a Carlos Florez not Defendant.
3. Carlos Florez is the owner of the Dwelling and listed same on the multiple listing service for twenty-nine days commencing on September 13, 2019 and ending on October 12, 2019.
4. Thereafter, Carlos Florez advertised and leased his own unit using Airbnb.
5. Defendant, SCHIFF REALTY, INC., was not involved in the rental of the Dwelling, did not advertise the dwelling, and had no communication with Plaintiff.
6. However, Plaintiff broadly alleges that Defendant authorized its agents to act for it when they committed the Fair Housing Act violations alleged within the complaint. However,

1

   Carlos Florez was not the agent of Defendant as to this Property which was solely owned by Carlos Florez.

## II. Argument

7. Plaintiff's claim, as alleged in the pleadings, is based upon the incorrect presumption that Defendant rented the Dwelling when such renting was done through Carlos Florez individually as the owner of the Dwelling.

8. In addition, Plaintiff's claim fails to state a cause of action as there is no allegation that the questioned policy creates a disparate impact.

## III. MOTION TO DISMISS STANDARD

9. A complaint is properly dismissed upon a 12(b)(6) motion "on the basis of a dispositive issue of law." *Nietzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827 (1989). Dismissal pursuant to a 12(b)(6) motion is also warranted if a complaint does not contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Boyd v. Warden,* 856 F.3d 853, 863 (11th Cir. 2017), *quoting Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937,1948 (2009).

10. Factual allegations in the complaint must "be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). Elevation of the claim from the merely speculative to the requisite facial plausibility to withstand a 12(b)(6) motion will occur only when the Plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Inclusive Communities Project, Incorporated v. Lincoln Property Company,* 920 F.3d 890, 899 (5th Cir. 2019).

11. The Court must view the factual allegations in the Complaint "as true and … in a light most favorable to the plaintiff." *Boyd* at 863-64. However, "a legal conclusion couched as a factual allegation" need not be accepted as true. *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932 (1986); *see also, Iqbal* at 678. A "'naked assertion' devoid of 'further factual enhancement'" will not allow a complaint to survive a 12(b)(6) motion. *Iqbal* at 678, *quoting Twombly,* at 557. With regard to Plaintiff's Complaint, both the lack of relevant

factual content and also the "naked assertions" of legal conclusions render the action fatally flawed and plainly subject to dismissal under this motion.

## IV. THE CLAIM SHOULD BE DISMISSED AS PLAINTIFF FAILS TO ALLEGE AN AGENCY PRINCIPAL

12. Plaintiff's Complaint must be dismissed because Plaintiff has failed to allege the necessary elements for a claim for apparent agency. To state such a claim, a Plaintiff must allege the following three elements: 1) the alleged principal made a manifestation which caused a third party to believe that an alleged agent had authority to act for the benefit of the principal; 2) such a belief was reasonable; and 3) the claimant reasonably relied upon that belief to his or her detriment. See *Doonan v. Carnival Corp.*, 404 F. Supp. 2d 1367, 1371 (S.D. Fla. 2005).

13. In this case, nowhere is it alleged that Defendant took any action that caused Plaintiff to believe that Carlos Florez had authority to act on Defendant's behalf. Instead, Plaintiff broadly asserts that "Defendant is liable to Plaintiff for all injuries caused by the Fair Housing Act violations committed by Defendant, and its agents".

14. As a matter of law, a plaintiff cannot satisfy the requirement of pleading positive manifestations by an alleged principal as to an agent's authority simply by stating that the principal did not disavow an agency relationship.

15. As there is nothing within the four corners establishing Carlos Florez as an agent of Defendant the complaint must be dismissed.

## V. THE CLAIM FAILS TO STATE A CAUSE OF ACTION

16. Plaintiff's claims of both discriminatory intent and discriminatory effect under the Fair Housing Act are combined into a single cause of action under the Fair Housing Act. *See* Complaint, Count I – "Violation of the Fair Housing Act."

17. The Fair Housing Act makes it unlawful for any housing provider to "refuse to negotiate for the … rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin."[2] 42 U.S.C. §3604(a)(1).

18. Plaintiff's allegation of intentional unlawful discrimination is based on his claim to have been told by Defendant on one occasion that his arrest "would <u>maybe</u> disqualify him".

3

19. A prima facie claim of "disparate treatment" or "discriminatory intent" under the Fair Housing Act can be established "by showing that animus against the protected group was a significant factor in the position taken by the …decision-makers themselves or by those to whom the decision-makers were knowingly responsive." *Fortune Society v. Sandcastle Towers Housing Development Fund Corp.,* 388 F.Supp.3d 145, 177 (E.D. N.Y. 2019), *quoting Mhany Mgmt. Inc. v. City of Nassau,* 819 F.3d 581, 600, 606 (2d Cir. 2016)

20. In the Complaint, Plaintiff does not state any facts supporting a conclusion that the result of his one encounter with Defendant's alleged agent was motivated by anything other than the criminal record he disclosed.

21. Significantly, "criminal record" is not a characteristic or class of persons protected by the Fair Housing Act. *Evans v. UDR, Inc.,* 614 F.Supp.2d 675, 691 (E.D. N.C. 2009) ("the FHA clearly does not prohibit landlords from denying a person occupancy on the basis of his criminal record"). Absent evidence that consideration of a criminal record is used as a "pretext" for unlawful discrimination, no discriminatory "purpose" in violation of the Act is shown. Facts supporting a claim of pretext might be, for instance, allegations that a particular screening criterion is applied only to some applicants and not to others, or not as a usual and customary practice, and that the deviation from usual practice correlates to a protected characteristic. *See,e.g., United States v. Collier,* 2010 WL 3881381 at *10 (W.D. La. Sept. 28, 2019).

22. The only alleged discriminatory act on the part of Defendant's alleged agent is a single interaction. The Complaint includes no facts alleging that housing applicants not of "Black" or "African American" race are not subject to the same criminal history screening criteria to which he was. The Complaint also includes no facts alleging that any applicants from outside the claimed protected class are not "automatically denied" for any felony criminal conviction. Absent the allegation of any facially plausible facts that application of criminal history screening is a mere pretext for discrimination because of a protected characteristic, Plaintiff has not stated even a prima facie case of discriminatory treatment under the Fair Housing Act. No reasonable finder of fact could credibly conclude that Defendant's alleged response to Plaintiff's inquiry was motivated by anything other than Plaintiff's disclosure of the of criminal arrest. Plaintiff's claim of unlawful intentional

4

discrimination (or unlawful disparate treatment) under the Fair Housing Act must be dismissed under Rule 12(b)(6).

23. Alternatively, a facially neutral practice or policy can be challenged under the Fair Housing Act as having an unlawful "disparate impact," because it "has a segregative effect or that it makes housing options significantly more restrictive for members of a protected group than for persons outside that group." *Hallmark Developers, Inc. v. Fulton Cty., Ga.,* 466 F.3d 1276, 1286 (11th Cir. 2006).

24. In 2015, the Supreme Court held that disparate impact claims ("claims asserting an unjustified, disproportionally adverse effect on minorities") are cognizable under the Act. *Texas Department of Housing & Community Affairs v. Inclusive Communities Project, Inc.,* -- U.S. --, 135 S.Ct. 2507 (2015) (*"Inclusive Communities"*). The Supreme Court recognized that since the Act makes it unlawful to "otherwise make unavailable or deny" housing because of a protected class, disparate impact claims that focus on the "results" of a housing practice must be included as part of the Fair Housing Act's "central purpose … [of] eradicating discriminatory practices" in the United States. *Id.* at 2521. But the Court also recognized that a disparate impact claim of discrimination could pose a danger of "displacing valid governmental and private priorities" with a solely race-based decision, such as the adoption of "numerical quotas." *Id.* at 2522-24. To safeguard against that danger, the Supreme Court in *Inclusive Communities* made clear that "a disparate-impact claim that relies on a statistical disparity must fail if the plaintiff cannot point to a *defendant's* policy or policies causing that disparity." *Id.* This mandate to show both a policy *and* a "*robust causality* ... ensures that 'racial imbalance … does not, without more, establish a prima facie case of disparate impact." *Id.*

25. The Eleventh Circuit has even held that at least some "relevant statistical showing" is the minimum required to support a disparate impact claim of discrimination under the Fair Housing Act. In *Schwarz v. City of Treasure Island,* 544 F.3d 1201 (11th Cir. 2008), an operator of halfway houses for recovering alcoholics (considered "disabled" under the Act) alleged that a city's zoning ordinance had a disparate impact on the protected class of people with disabilities. The operator's claim failed and was dismissed, however, because he provided no comparative data to support a prima facie case of disparate impact. The

5

   *Schwarz* plaintiff failed to provide "an adequate statistical foundation for a disparate impact claim because he presented no comparative data at all," relying instead on a "bald assumption" that the ordinance's effect on the halfway houses would have a disparate impact on recovering alcoholics. *Id.* at 1217-18.

26. In this case, the Complaint fails to provide factual support for the existence of any allegedly facially neutral policy with unlawful discriminatory effects, fails to provide any factual support for any racial disparity in housing applications, and also fails to prove any "robust causality" between an alleged policy and an alleged statistical racial disparity. Defendant's motion to dismiss must be granted.

27. In fact, a single contact with an alleged agent of Defendant is insufficient to establish the existence of a customarily applied policy. See *Inclusive Communities,* 135 S.Ct. at 2523 (a disparate impact plaintiff "will not easily be able to show … a policy causing a disparate impact because… a one-time decision may not be a policy at all.").

28. For all these reasons the complaint should be dismissed.

WHEREFORE, Defendant respectfully requests that this Defendant respectfully requests this Court grant its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and reserve ruling as to the issue of attorney's fees and costs in this action.

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court using the E-Filing System and a copy of same will be served via e-service this 11th day of August, 2020, to: Shawn A. Heller, Esq. shawn@sjlawcollective.com and Joshua A. Glickman, Esq. ajosh@sjlawcollective.com.

BURANDT, ADAMSKI, FEICHTHALER & SANCHEZ, PLLC
*Attorneys for Defendant*
1714 Cape Coral Parkway East
Cape Coral, Florida 33904
Phone: (239) 542-4733 / Fax: (239) 542-9203

By:    */s/ Robson D.C. Powers*
      Robson D.C. Powers, Esq.
      Florida Bar No. 99617
      Email: robson@capecoralattorney.com