UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DELROY A. CHAMBERS, JR. ,

    Plaintiff,

v.                                                    Case No.:  2:20-cv-511-FtM-38MRM

SCHIFF REALTY, INC.,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Schiff Realty, Inc's Motion to Dismiss (Doc. 6)[2]. Plaintiff Delroy A. Chambers, Jr. did not respond. The Court thus considers the Motion unopposed. See Local Rule 3.01(b).

### **Background**

Chambers, a Black fair housing tester, sued Schiff for a violation of the Fair Housing Act. Schiff moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court recounts the factual background as pled in Chambers' Complaint, which it must take as true to decide whether the Complaint states a plausible claim. See *Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

Chambers saw an advertisement for a rental home in Hollywood, Florida that said, among other things, "no criminal record." He contacted Schiff, who confirmed the home's

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Schiff's Motion does not comply with the formatting requirements of Local Rule 1.05(a). The Court advises Schiff's counsel to review the Local Rules. Future filings that do not comply may be stricken or denied.

availability.³  Chambers asked whether a felony arrest in 2013 would disqualify him from renting the home.  Schiff responded that it might and agreed to check with the managers and get back to Chambers.  Chambers followed up the next day, and Schiff said the home was rented.  Chambers then inquired about the home from a different phone number, and Schiff confirmed it was available.  This case followed.

## Legal Standard

When deciding a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts and draw all reasonable inferences in the light most favorable to the non-moving party.  "To survive a motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007).  A claim is facially plausible when the Court can draw a reasonable inference from the facts pled that the opposing party is liable for the alleged misconduct.  *See Iqbal*, 556 U.S. at 678.  But "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a twostep approach:  "When there are well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## Discussion

Schiff first argues the Complaint should be dismissed because Chambers failed to allege the elements of apparent agency.  Schiff claims that Chambers' communications

---

³ Chambers does not identify the person with whom he communicated.

were with Carlos Florez, so Chambers must establish that Florez was an agent of Schiff. The Complaint alleges that Schiff "authorized its agents to act for it," that Schiff's "agents accepted the undertaking of acting on behalf of Defendant," and that Schiff "had control over its agents." (Doc. 1 at 7). But the Complaint does not mention Florez. When considering a 12(b)(6) challenge, courts "generally may not look beyond the pleadings." *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015). Schiff's agency argument depends on its characterization of the facts, presented for the first time in Schiff's Motion. At this stage in the case, the Court cannot consider Schiff's factual allegations about Florez.

Schiff next argues that Chambers' single count—a disparate impact claim under the Fair Housing Act—fails to state a cause of action. The Supreme Court found disparate impact claims cognizable under the Fair Housing Act in *Tex. Dep't of Hous. and Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519 (2015). To state such a claim, a complaint must:

> (1) show statistically imbalanced lending patterns which adversely impact a minority group; (2) identify a facially neutral policy used by Defendants; (3) allege that such policy was "artificial, arbitrary, and unnecessary;" and (4) provide factual allegations that meet the "robust causality requirement" linking the challenged neutral policy to a specific adverse racial or ethnic disparity.

*City of Miami v. Bank of America Corp.*, 171 F. Supp. 3d 1314, 1320 (S.D. Fla. 2016) (quoting *Inclusive Cmtys.*, 576 U.S. at 542-543)).

Chambers' Complaint fails to satisfy *Inclusive Communities* because it does not clearly identify a policy. Recognizing that Chambers is entitled to all reasonable inferences, he has not alleged sufficient facts to support an inference that, for example, Schiff refuses to rent to anyone with an arrest record. The single incident alleged in the

3

Complaint is not enough to establish a policy. See *Inclusive Cmtys.*, 576 U.S. at 543 ("a one-time decision may not be a policy at all"). The Court will thus dismiss the Complaint with leave to amend.

One final note about causality. Without a clearly alleged policy, the Court cannot fairly evaluate the causality requirement. But the Court cautions Chambers that an amended complaint must satisfy the Supreme Court's "robust causality requirement." See *Inclusive Cmtys.*, 576 U.S. at 543 ("A plaintiff who fails to allege facts *at the pleading stage* or produce statistical evidence demonstrating a causal connection cannot make out a prima facie case of disparate impact." (emphasis added)). The broad reference to "recent data, studies and HUD findings" in paragraph 27 of the Complaint will not cut it. (Doc. 1 at 5).

Accordingly, it is now **ORDERED:**

(1) Defendant Schiff Realty, Inc's Motion to Dismiss (Doc. 6) is **GRANTED**.

(2) Plaintiff Delroy A. Chambers, Jr.'s Complaint is **DISMISSED without prejudice**.

(3) Chambers may file an amended complaint on or before **September 17, 2020**.

**Otherwise, the Court will close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 31st day of August, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record